# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 19, 2012 Session

## STATE OF TENNESSEE v. GLENN LYDELL McCRAY

### Appeal from the Criminal Court for Davidson County
### No. 2010-C-2362     Monte Watkins, Judge

### No. M2011-02411-CCA-R3-CD - Filed December 6, 2013

THOMAS T. WOODALL, J., dissenting.

I respectfully dissent. Defendant was convicted as charged in the indictment for two counts of aggravated assault against the victim. One of the convictions for aggravated assault resulted from the allegations in the indictment that Defendant

> did cause [the victim] to reasonably fear imminent bodily injury, and [Defendant] did use or display a deadly weapon, to-wit: **a rifle**, in violation of Tennessee Code Annotated § 39-13-102[.]

The other conviction for aggravated assault resulted from the allegations in the indictment that Defendant

> did cause [the victim] to reasonably fear imminent bodily injury, and [Defendant] did use or display a deadly weapon, to-wit: **a knife**, in violation of Tennessee Code Annotated § 39-13-102[.]

Both of these convictions have been affirmed directly by this court and, at least implicitly, by our supreme court. The same person is the victim in each aggravated assault case and in the especially aggravated kidnapping case. Defendant was convicted of committing especially aggravated kidnapping based upon the following allegations set forth in the indictment:

> [Defendant] . . . did knowingly and unlawfully remove or confine [the victim], so as to interfere substantially with the liberty of [the victim], the kidnapping accomplished with deadly weapons . . . in violation of Tennessee Code Annotated § 39-13-305[.]

The deadly weapons used to prove the "deadly weapon" element of both aggravated assault convictions were the same deadly weapons used to prove the "deadly weapon" element of the especially aggravated kidnapping conviction. However, I conclude that rationally and logically, that is the only similarity between the aggravated assault convictions and the especially aggravated kidnapping conviction which is relevant to a *White* harmless error analysis, other than the fact that all three offenses were committed by Defendant within the same defined period of time.

First of all, the aggravated assault convictions were not based upon any bodily injury to the victim. Proof of bodily injury and/or serious bodily injury did not have to be submitted in order to sustain either conviction of aggravated assault. Proof beyond a reasonable doubt of the first aggravated assault charge is sustained by the victim's testimony that she thought she was going to die during the time period when Defendant used or displayed the rifle while hitting her with it and his fists. Proof beyond a reasonable doubt of the other aggravated assault charge is sustained by the victim's testimony that she was "afraid for her life" when Defendant held the knife to her neck.

Realistically, the other evidence of Defendant's actions which have nothing to do with the allegations of aggravated assault *set forth in the indictment* overwhelmingly prove the necessary element of substantial interference with the liberty of the victim by Defendant. That includes the proof that Defendant dragged the victim around the apartment by her ponytail, that Defendant "split" the victim's cell phone when she grabbed it, and that Defendant hit the victim on the side of her head with a metal baseball bat with sufficient force to turn her ear purple and cause severe impairment of her hearing. Indeed, in *McCray I*, we stated,

> The Defendant's hitting [the victim] with the bat to prevent her leaving demonstrates the element of false imprisonment by unlawful removal or confinement as necessary for a kidnapping offense.

*McCray I*, slip op. at 11.

Substantial interference with the victim's liberty, by striking her in such manner with a metal baseball bat, was beyond, separate to, and apart from the aggravated assaults committed by use or display of a rifle and a knife causing the victim *to reasonably fear imminent bodily injury*. Reviewing Defendant's case in light of *Cecil*, as we are mandated to do, I conclude that though there was error in not giving the instructions required by *White*, the error was harmless beyond a reasonable doubt. There are some facts in Defendant's case which are similar to the facts in *Cecil*, as noted in the majority opinion. However, in *Cecil*, the trial judge made statements at both the sentencing hearing and the motion for new trial that caused our supreme court to conclude "the trial judge expressed doubts about the

propriety of a separate conviction for false imprisonment." *State v. Cecil*, 409 S.W.3d 599, 611 (Tenn. 2013). No such comments by the "13th juror" are evident in Defendant's case.

Without hesitation, I conclude that a properly instructed jury in this case would have found "Defendant's actions toward the victim constituted a substantial interference with her liberty," *id*. at 612, and would affirm.

_____
THOMAS T. WOODALL, JUDGE